## DANIEL BLOOM v. W. J. BEEBE.

The redhibitory action cannot be maintained on account of a disease, existing at the time of the sale, which was apparent and might have been discovered by simple inspection.

The knowledge of the agent of the vendee in possession of the slave, at the time of the sale, will be considered the knowledge of the principal.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*J. B. Cotton,* for plaintiff and appellant. *Michel & Koontz,* for defendant.
*Durant & Hornor,* for warrantors.

LAND, J.   This is a redhibitory action to annul the sale of a slave, and to recover back the price paid, with damages, on the ground of an incurable disease, or malady, called " *Coryza,*" or " chronic cold in the head," existing in the slave at the time of the sale.

The defendant's answer admits the sale, as alleged, but denies generally the allegations in the petition, and specially, that the slave was afflicted with any redhibitory disease at the time of the sale; and contains a special plea to the plaintiff's action in these words :

" Further answering, respondent avers that petitioner, through his agent, had continuous possession of said slave boy, *Monday,* for nearly three months, previous to the date of said sale, and that, if said slave was afflicted with any disease whatever, it was *an apparent one,* and petitioner, through his said agent, must have been aware of its existence at the date of said sale, and purchased *with full knowledge* of the condition of the health of said slave."

The evidence shows, that the slave was affected before, and at the time of the sale, with a chronic cold in the head, and that this disease was made apparent by a running of the nose, and was known to the agent of the plaintiff, who negotiated the sale in connection with plaintiff's son.  The knowledge of the agent was the knowledge of the principal; and, as Art. 2497 of the Civil Code declares that apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices, it follows that the plaintiff has no right of action to avoid the sale and to recover back the price, on the grounds alleged in his petition.   See 4 Wheaton, 534; Sugden on Vendors, 534; Hennen's Digest, 879, No. 18..

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.